Entered: August 4th, 2025
Signed: August 4th, 2025

# SO ORDERED

Note: The Court modified the proposed order submitted by the movant by deleting the waiver of the 14-day stay under Bankruptcy Rule 4001(a)(4) because the movant did not present any evidence in support of such relief.



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| IN RE: | Case No. 25-13429-MCR |
| SANTIZA MARIE FUTRELL, | |
| *aka* SANTIZA MARIE MAYHALL, | Chapter 13 |
|     Debtor. | |
| _____ | |
| PENNYMAC LOAN SERVICES, LLC, Movant, | |
| v. | |
| SANTIZA MARIE FUTRELL, | |
| *aka* SANTIZA MARIE MAYHALL, Debtor/Respondent, | |
| and | |
| TYLER FUTRELL, Co-Debtor/Co-Respondent, | |
| and | |
| REBECCA A. HERR, Trustee/Respondent. | |

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY, CO-DEBTOR STAY, AND REQUEST FOR EQUITABLE SERVITUDE PURSUANT TO 11 U.S.C. §362 (d)(4)
**(2607 Warren Way #43, Frederick, MD 21701)**

    This matter is before the Court on the motion for relief from the Automatic Stay, Co-Debtor Stay, and imposition of an equitable servitude for two years (the "**Motion**") (ECF #11), filed by PennyMac Loan Services, LLC ("**Movant**"), on or about May 22, 2025. With NO opposition to the Motion having been filed, and with the Court having held a hearing on July 31, 2025 (the "**Hearing**"), with appearances by the Movant. There were no appearances by the Debtor, Co-Debtor, or Chapter 13 Trustee.

    At the Hearing, the Movant explained the relief requested by the Motion and the facts supporting the imposition of an equitable servitude or bar under 11 U.S.C. §362(d)(4) of the Bankruptcy Code with respect to certain real property of the Debtor in Frederick County commonly known as 2607 Warren Way #43, Frederick, MD 21701 (the "**Property**").

*BWW#:MD-362918*

The Motion sought relief from the automatic stay under 11 U.S.C. §362(d)(4) of the Bankruptcy Code. This subsection mandates relief from the automatic stay, and authorizes the Court to impose *in rem* relief against the Property, if the Debtor has used the filing of multiple bankruptcy cases to among other things, hinder, defraud, or delay a secured creditor's efforts to foreclose on the Property. 11 U.S.C. §362(d)(4)(B); *see also In re Abdul Muhaimin*, 343 B.R. 159 (Bankr. D. Md. 2006); *In re Yiman*, 214 B.R. 463 (Bankr. D. Md. 1997). The record in this case demonstrates multiple bankruptcy filings that affect the Property and the Movant's rights with respect to the Property.

The facts of this case support lifting the automatic stay of §362, the Co-Debtor stay of 11 U.S.C. §1301, and granting *in rem* relief with respect to the Property. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland:

**ORDERED**, that, pursuant to 11 U.S.C. §362(d), the automatic stay imposed by 11 U.S.C. §362(a) is <u>TERMINATED</u> and the Co-Debtor Stay imposed by §1301(a) is <u>TERMINATED</u> to enable the Movant, and/or its successors and assigns, to pursue its remedies under applicable non-bankruptcy law against the Property, the legal description of which is:

Condominium unit numbered 4-3 in a condominium known as "CONDOMINIUM PLAT PHASE 4, BUILDING 4, THE BRAEMAR CONDOMINIUM BEING PART OF SECTION 2, PLAT **1** TUS-CARORA KNOLLS, PLAT BOOK 45, PAGE 93" per plat(s) recorded in Condominium Building Plan Book 50 at Plat(s) 57-60, et. Seq., one of the Land Records of Frederick County, Maryland and as established pursuant to a Declaration of Condominium recorded in Liber 1728 at folio 707 et. Seq., and as supplemented in Liber 1728 at folio 1205, Liber 1746 at folio 336 and Liber 1827 at folio 928 among the said Land Records, being the same property as conveyed by deed(s) recorded in Liber 1564 at folio 762, among the said Land Records.
BEING the fee simple property which, by Deed dated March 12, 2015, and recorded in the Land Records of the County of Frederick, Maryland, in Liber 10444, Folio 491, was granted and conveyed by Louis E. Sendelbach, Jr. and Robyn L. Sendelbach unto Charles E. Curry.
commonly known as: <u>2607 Warren Way, #43, Frederick, MD 21701</u>

**ORDERED**, that, pursuant to 11 U.S.C. §362(d)(4) and the precedent in this district, including *In re Abdul Muhaimin*, 343 B.R. 159 (Bankr. D. Md. 2006) and *In re Yiman*, 214 B.R. 463 (Bankr. D. Md. 1997), an equitable servitude is imposed by this Order upon the Property. This servitude shall prevent any stay under title 11 of the United States Code from attaching to the Property by reason of any new bankruptcy being filed by any person holding an interest in the Property, for a period of <u>two (2) years</u> from the date of this Order; and it is further

**ORDERED**, that this Order imposing an equitable servitude on the Property shall be binding in any other case filed under the Bankruptcy Code that purports to affect the Property,

and shall apply until the earliest of:

    a)       Two (2) years from the date of this Order, or

    b)       Payment in full of the debt owed to the Movant, or

    c)       A successful, ratified sale by the Movant under applicable non-bankruptcy law, including (but not necessarily limited to) all actions necessary to transfer title and obtain possession of the Property; and it is further

**ORDERED**, that the Movant may record a certified copy of this Order within the land records of Frederick County, Maryland, where the Property is located, and indexed under grantors: <u>SANTIZA FUTRELL</u> and <u>TYLER FUTRELL</u>, pursuant to 11 U.S.C. §362(d)(4).

CC:

BWW Law Group, LLC, 6003 Executive Blvd, Suite 101, Rockville, MD 20852

Rebecca A. Herr, Trustee, 185 Admiral Cochrane Dr., Suite 240, Annapolis, MD 21401

Santiza Marie Futrell, 2607 Warren Way #43, Frederick, MD 21701

Tyler Futrell, 2607 Warren Way #43, Frederick, MD 21701

**END OF ORDER**

*BWW#:MD-362918*